Filed 1/15/25  P. v. Borgen CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D083606 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD290273) |
| LOUIS C. BORGEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Logotta, Judge.  Affirmed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Louis C. Borgen entered into a plea agreement in which he pleaded no contest to two counts of burglary (Pen. Code,[1] § 459) and one count of robbery of an inhabited building (§§ 211 & 212.5, subd. (a)).  Borgen also admitted the

---

[1]    All statutory references are to the Penal Code.

on-bail enhancement (§ 12022.1, subd. (a)). The parties stipulated to a sentence of 12 years and eight months.

The court sentenced Borgen to prison as agreed in the plea agreement.

Prior to his plea, Borgen had been allowed to represent himself several times. His final request to again represent himself was denied by the trial court which determined Borgen's repeated use of temporary self-representation was for the purpose and was not an unequivocal desire for self-representation.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record as mandated by *Wende.*

In his change of plea, Borgen said he "entered two separate inhabited dwelling houses with the intent to commit larceny therein, and in one of them took property not belonging to me, and that party was present in their home when I entered. And I was then on OR or on bail release."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1.      Whether the court erred by denying Borgen's final request for self-representation.

2.      Whether the court erred in denying Borgen's request for a sentencing alternative rather than the sentence to which the parties stipulated.

2

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Borgen on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.

3